[Civ. No. 2980.　First Appellate District, Division One.—September 4, 1919.]

## M. W. FINDLEY et al., Respondents, v. LYCURGUS LINDSAY, Appellant.

[1] PLEADING—ACTION ON NOTE AND CONTRACT—ADMISSION OF EXECUTION AND DEFAULT—FAILURE TO RAISE MATERIAL ISSUE.—Where, in an action on a promissory note and contract which called for the payment by the defendant to the plaintiffs of a stated sum as the purchase price of certain shares of the capital stock, the answer of the defendant admitted all the allegations of the complaint with respect to the purchase of said stock and the execution of the note and contract, but denied for want of information and belief an averment in the complaint to the effect that the trustee mentioned in the contract had assigned and transferred to the plaintiffs the note in question after the maker's default according to the terms and requirements of said contract, which assignment and transfer it was the duty of the said trustee *pro forma* to make upon the plaintiffs' demand after such default, according to the express agreement of the defendant in said contract, the default of the defendant not being denied, no material issue was presented.

[2] ID.—REFUSAL OF LEAVE TO FILE AMENDED ANSWER — DISCRETION OF TRIAL COURT.—In such action the trial court committed no error or abuse of discretion in refusing defendant leave to file an amended answer at the time of trial, which was four months after his original answer was filed, where the affidavit offered in support of such motion presented no sufficient reason as an excuse for the defendant's delay in presenting his amended answer, and the proposed amended answer presented no sufficient averments of fraud in respect to the transaction in the course of which said note was executed by the defendant to constitute a defense thereto.

[3] ID.—FRIVOLOUS APPEAL — PENALTY.—In this action, it being obvious that the whole procedure of the defendant had been marked with a deliberate design to delay the operations of justice in respect to the enforcement of his just and legal obligation, the judgment was affirmed with an added penalty of five hundred dollars imposed upon the appellant for the taking and prosecution of a frivolous appeal.

APPEAL from a judgment of the Superior Court of Los Angeles County. Leslie R. Hewitt, Judge. Affirmed.

The facts are stated in the opinion of the court.

A. L. Abrahams, C. W. Fricke and W. I. Gilbert for Appellant.

Edwin A. Meserve and Shirley E. Meserve for Respondents.

RICHARDS, J.—This is an appeal from a judgment in favor of plaintiff in an action to recover the sum of fifteen thousand dollars with interest, attorneys' fees and costs, alleged to be due upon a promissory note of the defendant.

The only question presented upon this appeal is as to whether the trial court erred in denying the defendant's application to amend his answer at the time of the trial of the case.

That this is one of the most flagrant instances of abuse of the processes of justice for purposes of delay and of a frivolous appeal which has come within our purview the following undisputed facts will show: The plaintiffs commenced this action on May 13, 1916, by filing their complaint upon a promissory note and contract which were set forth therein and which called for the payment to the plaintiffs of the sum of fifteen thousand dollars by the defendant as the purchase price of 1,287½ shares of the capital stock of the Independent Sewer Pipe Company and four shares of the capital stock of the Pacific Tile and Terra Cotta Company. [1] On June 26, 1916, the defendant filed his answer herein admitting all the allegations of the complaint with respect to the purchase of the said stock and the execution of the note and contract, but denying for want of information and belief an averment in the complaint to the effect that the trustee mentioned in the contract had assigned and transferred to the

plaintiffs the note in question after the maker's default according to the terms and requirements of said contract, which assignment and transfer it was the duty of the said trustee *pro forma* to make upon the plaintiffs' demand after such default, according to the express agreement of the defendant in said contract.   As the defendant's default was not denied it would seem that this sole denial of the defendant for want of information and belief did not present a material issue. The plaintiffs, nevertheless, moved the court on July 3, 1916, to set the cause for trial.   The defendant appeared in opposition to said motion by one of his attorneys of record, who announced in court that he intended to file an amended answer setting up fraud in the obtaining of said note.   The court set the cause for trial on October 25, 1916, in order to allow the defendant ample time to prepare, serve, and file said amended answer if he so desired.   A few days before the said date of trial an assistant in the office of an attorney, who was not one of the attorneys of record for said defendant, made an effort to have the trial of the cause further postponed on the ground that his principal expected to be employed to try the cause on behalf of the defendant.   This effort was unsuccessful. On the morning of October 25, 1916, when the cause was called for trial, one of the attorneys of record for the defendant appeared to suggest that another of his attorneys of record could not be present, but had arranged with the above-mentioned attorney who was not of record to try the cause, and the latter could not do so because he was engaged in a trial in another court.   The court's attention was then called to the fact that said last-named absent attorney was not an attorney of record in the case, and furthermore that no amended answer had ever been served or filed.   The attorney of record for the defendant who was then present in court, and who had previously announced the defendant's purpose to present such an amended answer, made no statement or offer indicating that the defendant intended or desired to amend his pleading, whereupon the court set the cause peremptorily for trial for the hour of 1 o'clock P. M. of said day.   At said hour the aforesaid attorney not of record for the defendant was present to ask a further postponement of the case, which request the court refused to grant.   The trial then proceeded, and after a witness for the plaintiff had been sworn, one of the attorneys of record appeared with an affidavit and amended answer of

the defendant which he then asked leave to file. The affidavit presents no sufficient reason whatever as an excuse for the defendant's delay in presenting his amended answer, and the amended answer presents no sufficient averments of fraud in respect to the transaction in the course of which said note was executed by the defendant to constitute a defense thereto. The court, after an examination of said affidavit and answer, refused permission to the defendant to file the same and ordered the trial to proceed. The defendant presented no evidence upon the further hearing of the case, and judgment accordingly went for the plaintiff for the recovery of the full amount due upon the note, with counsel fees and costs. The defendant appealed to the supreme court, the notice of appeal being filed on November 15, 1916. The appellant's opening brief was filed February 16, 1917. The respondents' brief, filed March 19, 1917, directed attention to the foregoing facts as disclosed by this record, and urged that the appeal was frivolous and taken for delay. No reply brief on behalf of the appellant has ever been filed. The cause was transferred to this court for hearing on May 19, 1919, and was set for argument on August 11, 1919. No appearance was made by appellant on said date, and the cause was submitted without argument for decision.

[2] As to the merits of the case it is obvious that the trial court committed no error or abuse of discretion in refusing defendant leave to file his belated and insufficient amended answer; and it appears to us equally obvious that the whole procedure of the defendant herein, from the time of his first appearance in the case down to the present moment, has been marked with a deliberate design to delay the operations of justice in respect to the enforcement of his just and legal obligation, and to persist in and consummate such purpose by the taking and prosecution of a frivolous appeal.

[3] The judgment is affirmed with the added penalty of five hundred dollars hereby imposed upon the appellant for the taking and prosecution of a frivolous appeal.

Waste, P. J., and Bardin, J., *pro tem.,* concurred.